UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E. KENT HALVORSON,<br><br>                              Plaintiff,<br><br>v.<br><br>SOLAROAD TECHNOLOGIES GROUP, LLC, et al.,<br><br>                              Defendants. | No. C11-333Z<br><br>ORDER |

THIS MATTER comes before the Court on defendants' motion to dismiss for lack of personal jurisdiction or alternatively to transfer this matter to the United States District Court for the District of Maryland, docket no. 8. Having considered all papers filed in support of, and in opposition to, defendants' motion, the Court enters the following Order.

**Background**

This action arises out of unsuccessful negotiations between plaintiff E. Kent Halvorson and defendant Kahrl L. Retti, Chief Executive Officer of defendant Solaroad Technologies Group, LLC ("Solaroad") and defendant Solaroad Electrawall, LLC ("Electrawall"), concerning exclusive distribution rights for Electrawall products in Washington, Oregon, Idaho, California, Arizona, Nevada, Utah, and Hawaii. *See* Ex. B to Retti Decl. (docket no. 14-2). Plaintiff resides in Washington. Halvorson Decl. at ¶ 2 (docket no. 12). Retti resides in Maryland. Retti Decl. at ¶ 2 (docket no. 9). Solaroad and

ORDER - 1

1  Electrawall are incorporated in, and have their principal place of business in, Maryland.  *Id.*
2  at ¶¶ 3-5.  Neither company has any offices, property, or employees in Washington.  *Id.* at
3  ¶ 6.
4        The parties agree that Joseph Zedalis, a resident of Washington, who was acquainted
5  with both plaintiff and Retti, initiated the distributorship negotiations.  *See* Halvorson Decl.
6  at ¶ 3; Zedalis Decl. at ¶¶ 4-5 (docket no. 15).  Plaintiff contends that Zedalis indicated that
7  he represented Retti, Solaroad, and Electrawall.  Halvorson Decl. at ¶ 3.  Zedalis denies
8  making such statement to plaintiff, and Retti denies that Zedalis was ever an agent or was
9  authorized to act on behalf of him or his companies.  Zedalis Decl. at ¶¶ 6-7; Retti Decl. at
10  ¶¶ 3-4, 6 (docket no. 14).
11        Negotiations between plaintiff and Retti occurred in Maryland, Pennsylvania, and via
12  telephone and e-mail.  Halvorson Decl. at ¶¶ 5-15; Retti Decl. at ¶¶ 9-13 (docket no. 9).
13  On plaintiff's first of at least two visits to Maryland, and on each of his two visits to
14  Pennsylvania, plaintiff was accompanied by individuals who are also residents of
15  Washington.  Halvorson Decl. at ¶¶ 5, 9, 13-14.  Before attending these meetings, plaintiff
16  signed a confidentiality agreement containing the following provision:  "The laws of the
17  State of Maryland shall govern the validity and construction of this letter and any dispute
18  arising out of or relating to this letter, without regard to the principles of conflict of laws.
19  The parties submit to the jurisdiction of the courts of the State of Maryland and the venue of
20  the U.S. District Court for Maryland."  Ex. A to Retti Decl. (docket no. 14-1 at 3, ¶ 12).
21  During the course of negotiations, neither Retti nor any of his employees traveled to
22  Washington.  Retti Decl. at ¶¶ 2, 9 (docket no. 9).
23        In March 2010, plaintiff arranged for a wire transfer of $100,000 to Cardinal Systems,
24  a company located in Pennsylvania that provides manufacturing services for Solaroad and
25  Electrawall.  Halvorson Decl. at ¶¶ 8, 12; Retti Decl. at ¶ 15 (docket no. 9).  Cardinal
26  Systems subsequently transferred this sum to defendants.  Retti Decl. at ¶ 15.  Plaintiff

ORDER - 2

alleges that this money was sent at Retti's telephonic request when Retti indicated he "needed cash very badly to keep his businesses going." Halvorson Decl. at ¶ 10. Retti disputes this characterization. According to Retti, plaintiff insisted that defendants suspend negotiations with the "Senergent Group," which was Joseph Zedalis's venture and, in exchange, plaintiff promised $500,000 in earnest money, of which the $100,000 payment was an initial installment. Retti Decl. at ¶ 14-15 (docket no. 9).

No distributorship agreement was ever consummated and, despite plaintiff's demand for a refund, defendants retained the $100,000 that plaintiff had wired to Cardinal Systems. Halvorson Decl. at ¶ 17. In December 2010, plaintiff initiated this action for conversion, unjust enrichment, and violation of Washington's Securities Act in King County Superior Court, and thereafter, defendants removed the matter to this Court, asserting diversity jurisdiction. *See* Notice of Removal (docket no. 1). Defendants now seek to either dismiss the case for lack of personal jurisdiction or transfer it to the District of Maryland.

**Discussion**

The law is clear that the Court need not resolve a motion to dismiss for lack of personal jurisdiction before deciding whether to transfer the case to another district under 28 U.S.C. § 1404. *See Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 n.4 (9th Cir. 1983); *see also Kahhan v. City of Fort Lauderdale*, 566 F. Supp. 736, 738 (E.D. Pa. 1983). The Court may proceed in this manner because a case may be transferred to another district even when the transferring court lacks personal jurisdiction over one or more defendants. *Nelson*, 716 F.2d at 643 n.4; *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962); *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964); *Welsh v. Cunard Lines, Ltd.*, 595 F. Supp. 844, 845 (D. Ariz. 1984).

The factors to consider in deciding whether to transfer a case pursuant to § 1404 fall into two classes, private and public. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Lee v. Corr. Corp. of Am.*, 525 F. Supp.2d 1238,

ORDER - 3

1243-44 (D. Haw. 2007).  Private factors include (i) the relative ease of access to sources of proof, (ii) the availability of compulsory process to secure the attendance of unwilling witnesses, and (iii) any differences in the expenses of litigation between the forums.  *See Decker*, 805 F.2d at 843; *Lee*, 525 F. Supp. 2d at 1244; *see also* *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Public factors include (iv) the local interest in deciding a localized controversy, (v) the forum's familiarity with the governing law, and (vi) any unfair burden to citizens called for jury duty concerning matters unrelated to the forum.  *Decker*, 805 F.2d at 843; *Jones*, 211 F.3d at 498.  In addition, (vii) the plaintiff's choice of forum and (viii) the presence of a forum selection clause must be considered.  *Jones*, 211 F.3d at 498-99.

In this case, the factors weigh heavily in favor of transfer.  The negotiations transpired primarily in Maryland, with the contours of a preliminary agreement having been reduced to hand-written form in Retti's Maryland office.  *See* Ex. B to Retti Decl. (docket no. 14-2).  Prior to this meeting, plaintiff had executed a confidentiality agreement in which he assented to having Maryland law govern and to having Maryland courts decide certain disputes that might arise between him and Retti or his companies.  In contrast, Retti never traveled to Washington, nor did any employees of his companies, and the deal being discussed with plaintiff would have encompassed far more than just Washington.  Thus, this forum's interest in adjudicating the controversy is minimal.  The expenses of litigation are not anticipated to be vastly different.  For example, regardless of which forum presides over this matter, the parties will be required to travel to depose witnesses, some of whom are apparently in Pennsylvania.  On balance, the Court is persuaded that transferring this action to the District of Maryland is "in the interest of justice."  28 U.S.C. § 1404.

**Conclusion**

For the foregoing reasons, defendants' motion is GRANTED in part and STRICKEN in part.  This action is hereby TRANSFERRED to the United States District Court for the

1   District of Maryland (Northern Division) pursuant to 28 U.S.C. § 1404.  Defendants' motion
2   is otherwise stricken as moot.
3        IT IS SO ORDERED.
4        The Clerk is directed to send a copy of this Order to all counsel of record.
5        DATED this 12th day of May, 2011.

                                                        _/s/ Thomas S. Zilly_
                                                        Thomas S. Zilly
                                                        United States District Judge

ORDER - 5